UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
(BUFFALO)

---

TRACEY WATSON,

Plaintiff,

vs.

BUFFALO & ERIE COUNTY PUBLIC
LIBRARY and BOARD OF TRUSTEES
OF THE BUFFALO AND ERIE COUNTY
PUBLICLIBRARY,

Defendants.

Case: 1:24-cv-00139 -JLS-LGF

**PLAINTIFF MOTION FOR
EXPEDITED REVIEW OF
AUDIO RECORDINGS TO
ADMIT INTO EVIDENCE
FOR MEDIAITION
CONFERNECE AND TRIAL**

PLAINTIFF MOTION FOR EXPEDITED REVIEW OF AUDIO RECORDINGS TO ADMIT
INTO EVIDENCE FOR MEDIATION CONFERENCE AND TRIAL

**COMES NOW**, Plaintiff, Tracey Watson pursuant to Federal Rules of Evidence 403, 801(d) (2),

and 901, and respectfully moves this Court for an order admitting two audio recordings as

evidence for use in the above-captioned matter, including the upcoming court-ordered mediation

conference, and if necessary, for trial proceedings. These recordings are offered, as evidence, for

judicial review to verify their authenticity, chain of custody, and relevance to the claims asserted.

In support of this motion, Plaintiff submits Exhibit A – Affidavit of Tracey Watson which attest

to the authenticity, chain of custody, and relevance of the recordings. Plaintiff states as follows:

## I. INTRODUCTION

1. The Plaintiff seeks to submit two audio recordings that are material to the claims and defenses in this case. The Plaintiff has an upcoming mediation conference scheduled for September 10, 2025, and seeks to ensure the recordings are admitted into evidence before the mediation conference. The recordings provide critical information that will assist in evaluating settlement options, ensuring transparency, and facilitate meaningful discussions during the mediation conference and, if necessary, for trial proceedings.

2. The plaintiff seeks to introduce and admit two audio recordings dated February 17, 2022 and February 25, 2022:

a. The Plaintiff seeks court approval to submit an audio recording documenting statements made by Defendants agent, Kristi Dougherty, Manager of Children's Services and Outreach Department, obtained during a Record of Counsel meeting held on Thursday, February 17, 2022, at 10:30 AM in the Defendant's Human Resources Office conference room. The recording accurately captures Kristi Dougherty admissions, procedural misconduct, relevant statements of discriminatory treatment directed toward Plaintiff, including explicit instructions given to another employee to harass Plaintiff while stationed at the Children's Circulation Desk working. The meeting participants captured in the recording include Kristi Dougherty, Lucylle K. Castaneda, Jennifer Lelinski, and Plaintiff, Tracey Watson.

b. The Plaintiff seeks court approval to submit an audio recording documenting statements made by Defendants agent, Judy Fachko, Assistant Deputy Director of Human Resources, during a meeting on February 25, 2022, at 8:57 AM in Fachko's Human Resources Office. The recording

2

captures Fachko's admissions and procedural misconduct, including her willful and explicit dismissal of Plaintiff's complaints. Fachko states that seeking union intervention is useless, despite Plaintiff's verbal and documented reports of differential treatment, harassment, and workplace misconduct. This evidence demonstrates the intentional and willful disregard exhibited by the Defendants reinforcing claims of institutional neglect and failure to address or remedy workplace discrimination, retaliation, and harassment. Fachko's statements, made within the scope of her official duties, establish Defendant's awareness of these complaints and its intentionally deliberate refusal to take corrective action, reinforcing claims of liability under employment law protections. The recording provides direct evidence of Defendant's failure to uphold its policies and legal obligations, demonstrating a persistent neglect in protecting Plaintiff from discrimination, retaliation, and harassment. It further illustrates a systemic and deliberate disregard for Plaintiff's rights, as Defendant has continuously failed to address workplace violations despite documented awareness of misconduct. This ongoing inaction reflects a broader institutional failure to fulfill legal responsibilities and safeguard employees from unlawful treatment. Present in the recording are Judy Fachko and Plaintiff, Tracey Watson.

3. These recordings constitute critical material evidence substantiating Plaintiff's claims, providing direct documentation of workplace discrimination, retaliation, harassment, the creation of a hostile work environment, intentional misconduct, and the failure to address systemic workplace violations. Preserved in their original format without alteration, they maintain authenticity for submission upon judicial determination of admissibility. The plaintiff has ensured full compliance with authentication and chain-of-custody requirements under Federal and State Rules of Evidence, guaranteeing the integrity of the audio files. Given their substantial probative value, Plaintiff seeks their admission for mediation on September 10, 2025, and, if

necessary, for trial proceedings, ensuring a fair and comprehensive evaluation of the claims before the court.

## II. LEGAL BASIS FOR ADMISSIBILITY

4. These recordings are highly relevant and meet the requirements for admissibility under evidentiary standards, including:

5. Under Fed. R. Evid. 901(a), evidence must be authenticated before admission. Plaintiff intends to establish authenticity through witness testimony, metadata analysis, and chain of custody.

6. The recordings are relevant under **Fed. R. Evid. 401**, as it tends to make a fact of consequence more or less probable.

7. The probative value of the recordings far outweighs any risk of unfair prejudice under Federal Rule of Evidence 403. The recordings provide direct and objective documentation of statements made by Defendant's agents, evidencing discriminatory conduct, retaliation, harassment, procedural misconduct, and institutional neglect relevant to Plaintiff's claims. Their admission serves the interests of justice by establishing a reliable factual record and promoting transparency in the evidentiary process. Any potential prejudice does not substantially outweigh their evidentiary significance, as the recordings clarify and substantiate material facts rather than mislead or unduly influence the proceedings. Accordingly, Plaintiff requests that the Court admit these recordings for formal review and consideration.

8. Plaintiff submits that the recordings were obtained in compliance with applicable New York State and federal laws governing audio evidence.

9. Admission by a party opponent is a legal exception to the hearsay rule. The recordings contain statements from the defendant's agents that qualify as an admission by a party opponent, making it admissible in court.

10. Under Rule 801(d)(2) of the Federal Rules of Evidence, a statement is not considered hearsay if it is offered against an opposing party. The statements made by the defendant's agents Judy Fachko, *Assistant Deputy Director of Human Resources* and Kristi Dougherty, *Manager of Children's Services and Outreach Department,* qualify as admission by a party opponent under Fed. R. Evid. 801(d)(2) making them non-hearsay. Both recordings are highly relevant to Plaintiff's claims and necessary to facilitate fair mediation conference and subsequent trial proceedings. The *Assistant Deputy Director of Human Resources* statements are admissible under Fed. R. Evid. 801(d)(2)(D) as statements made by an agent of the Defendant regarding employment policies. Hearsay Exception: The statements made by the *Manager of Children's Services and Outreach Department* qualify as admission by a party opponent (Fed. R. Evid. 801(d)(2), allowing them to be used.

11. Moreover, under Federal Rules of Evidence 803, statements made by the defendant's agents are admissible if they qualify as admission by a party opponent or fall under an applicable hearsay exception. If an authorized agent made a statement within the scope of their duties regarding procedural policies, employment matters, or access to public records, that statement can be used as evidence even if the declarant is unavailable. Additionally, under Rule 803(6) (business records exception), official library records—including internal communications, procedural documentation, or policy enforcement logs—may be admissible if maintained in the regular course of business and properly authenticated.

12. The plaintiff recorded the conversation under New York's one-party consent rule (N.Y. Penal Law § 250.00). The recordings were obtained lawfully by the plaintiff. The plaintiff was present and participated in both meetings. New York follows a one-party consent rule under N.Y. Penal Law § 250.00, permitting a party to record conversations in which they are a participant. The Plaintiff lawfully recorded the conversation while present in both meetings, making the evidence legally obtained and admissible.

13. The submitted audio recordings contain discussions from meetings and conversations directly relevant to the matters before the Court. Each recording accurately captures the voices of the participants, the content of their statements, and the surrounding context, ensuring an unaltered and faithful representation of the exchanges. The recordings were made in compliance with applicable evidentiary standards, preserving the integrity of the original dialogue. The clarity and authenticity of the captured sound further substantiate their reliability as probative evidence. Accordingly, these recordings serve as a crucial factual record, supporting the claims presented and warranting their admission into the proceedings.

**III.** For authentication and chain of custody (See Exhibit A) The plaintiff submits **Exhibit A**, confirming the accuracy, origin, and preservation of both recordings.

14. The first audio recording was obtained on Thursday, February 17, 2022, at 10:30 AM during a Record of Counsel meeting in the Human Resources Office conference room. Present at the meeting were: Kristi Dougherty, Lucylle K. Castaneda, Jennifer Lelinski, and Tracey Watson, the Plaintiff. The recording was created using Apple iPhone 7, encoded in HEVC 30 FPS, with a duration of 47 minutes and 38 seconds. This recording captures statements demonstrating

6

discriminatory treatment and harassment etc. The audio file has been preserved without alteration and remains in its original format.

15. The second audio recording was obtained on Friday, February 25, 2022, at 8:57 AM during a meeting with Judy Fachko, Assistant Deputy Director of Human Resources, in Ms. Fachko's Human Resources Department Office. The recording was created using Apple iPhone 7, encoded in HEVC 30 FPS, with a duration of 55 minutes and 3 seconds. This recording captures the HR Director dismissing Plaintiff's concerns and stating that going to the union is useless, reinforcing claims of institutional neglect and failure to remedy workplace discrimination, retaliation and harassment. The audio file has been preserved without alteration and remains in its original format.

16. I affirm that both recordings are true and accurate representations of the conversations that took place. The audio files have been preserved in their original format without modification, ensuring their authenticity and reliability. Both recordings were lawfully obtained under New York's one-party consent law (N.Y. Penal Law § 250.00) and have been securely stored in Plaintiff's iPhone since their creation. The files remain unaltered, maintaining their integrity for evidentiary review.

17. The plaintiff is prepared to provide witness testimony confirming the circumstances under which the recordings were made, stored, and maintained. As Plaintiff was present at both meetings, she can attest to their accuracy and authenticity. The original audio files remain securely preserved and will be made available for court review upon the court directing the plaintiff to submit the recording to the court.

18. These recordings constitute critical material evidence supporting Plaintiff's claims and have been preserved in their original format without alteration, ensuring authenticity for submission upon judicial determination of admissibility. Given their probative value, the recordings provide direct documentation of workplace discrimination, retaliation, harassment, the creation of a hostile work environment, intentional misconduct, and the failure to address workplace misconduct, reinforcing Plaintiff's claims under employment law protections. Due to their evidentiary significance, Plaintiff seeks their admission for mediation on September 10, 2025, and, if necessary, for trial proceedings. Plaintiff has maintained full compliance with authentication and chain-of-custody requirements under Federal and State Rules of Evidence, guaranteeing the integrity of the audio files, which serve as key evidence substantiating Plaintiff's claims. Accordingly, their admission is essential to ensuring a fair and comprehensive assessment of the issues before the court.

## IV. MEDIATION CONSIDERATIONS

19. Given the upcoming court-ordered mediation on September 10, 2025, the Plaintiff respectfully requests expedited consideration of this motion to ensure that the recordings are available for review and discussion during settlement process/negotiations. These recordings provide material evidence necessary for meaningful settlement discussions.

20. Early admission of this recorded evidence will allow all parties to assess and evaluate its contents fairly and avoid later disputes over admissibility that could hinder mediation or trial. Admission of these recordings will ensure transparency and accuracy in evaluating Plaintiff's claims and defenses before mediation conference.

## V. APPLICATION TO TRIAL

21. If mediation does not result in resolution, Plaintiff intends to preserve these recordings as evidence for trial proceedings. Plaintiff requests that this Court grant admissibility now to avoid and prevent evidentiary disputes later in trial preparation and proceedings. The recordings constitute significant and essential evidence that is directly relevant to the case, providing crucial support for key claims. Their probative value far outweighs any potential prejudice, as they offer clear and objective documentation of material facts. Given their evidentiary importance, these recordings should be admitted ensuring a fair and comprehensive assessment of the issues before the court.

## VI. ARGUEMENT

22. The plaintiff recorded the conversation lawfully under New York's one-party consent rule (N.Y. Penal Law § 250.00).

23. Federal Rule of Evidence 1003 permits the admissibility of duplicates unless a genuine dispute exists regarding their authenticity or the circumstances of their creation. The recordings, if submitted upon court approval, will accurately replicate the original audio, preserving the voices, statements, and contextual elements captured. No modifications or alterations have compromised their integrity, ensuring they meet evidentiary standards. As there is no substantiated challenge to their authenticity at this stage, these duplicates should be considered for admission, subject to the Court's determination regarding their relevance and reliability."

24. The recordings are highly relevant to the Mediation Conference and potential trial proceedings as they provide critical evidence of discriminatory conduct, retaliation, harassment,

9

and workplace misconduct, directly supporting Plaintiff's claims. These recordings contain statements that substantiate Plaintiff's allegations, making them highly probative in establishing the pattern of unlawful behavior. The statements captured in the recordings demonstrate the Defendants' failure to address workplace discrimination and retaliation, harassment which are directly relevant to Plaintiff's case and necessary for adjudication.

25. The plaintiff can and is testifying that the recordings are authentic and accurate, ensuring admissibility. The recordings provide clear and objective documentation of material facts. **(See Exhibit A – Affidavit of Tracye Watson)**

26. Statements made by Defendants' Manager and Assistant Deputy Director of Human Resources qualify as admissions by a party opponent under Fed. R. Evid. 801(d)(2) and are therefore admissible evidence. These statements were made within the scope of employment, directly addressing workplace conditions and decisions related to Plaintiff's employment.

27. Under Fed. R. Evid. 801(d)(2)(D), statements made by Defendant's Manager and Assistant Deputy Director of Human Resources concerning workplace issues qualify as admissions by a party opponent, as they were made in the course of official duties regarding employment policies, grievance procedures, and disciplinary actions. Fachko's remarks not only demonstrate institutional neglect and failure to address Plaintiff's concerns but also reinforce Plaintiff's claims of discrimination, retaliation, and the existence of a hostile work environment. Given their relevance and evidentiary value, these recordings provide critical documentation of Defendants' discriminatory and harassment practices and retaliatory actions, supporting Plaintiff's claims in mediation and trial proceedings.

28. Moreover, under Federal Rules of Evidence 803, statements made by the defendant's agents are admissible if they qualify as admission by a party opponent or fall under an applicable hearsay exception. If an authorized agent made a statement within the scope of their duties regarding procedural policies, employment matters, or access to public records, that statement can be used as evidence even if the declarant is unavailable. Additionally, under Rule 803(6) (business records exception), official library records—including internal communications, procedural documentation, or policy enforcement logs—may be admissible if maintained in the regular course of business and properly authenticated.

29. The probative value of the recordings substantially outweighs any potential prejudice under Fed. R. Evid. 403, as they provide direct and compelling evidence of workplace misconduct, discrimination, harassment, and retaliation. These recordings capture critical statements and actions that are highly relevant to Plaintiff's claims, making them essential for adjudication.

30. Given the upcoming court-ordered mediation on September 10, 2025, the Plaintiff requests an expedited judicial review to ensure the recordings are properly considered during settlement discussions and not unjustly delayed. Because the recordings demonstrate willful institutional neglect, discriminatory, harassing, and retaliatory conduct, their admission for mediation and trial proceedings is necessary to uphold procedural fairness and due process in evaluating Plaintiff's claims.

**RELIEF REQUESTED**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. Order Plaintiff to submit the audio recordings to the Court for expedited formal review and authentication on determination of admissibility;

11

2. Accept Plaintiff's submission of the recordings and ensure compliance with evidentiary standards before ruling on admissibility;
3. Conduct an expedited review to assess the authenticity, chain of custody, and relevance to Plaintiff's claims;
4. Recognize the importance of timely admission before the September 10, 2025, mediation conference, allowing the recordings to be properly evaluated for settlement discussions ensuring the recordings are available for settlement discussions;
5. Grant this Motion, and permit the audio recordings to be introduced as evidence in mediation and trial proceedings, if necessary; and
6. Grant such additional relief as the Court deems just and proper

Respectfully submitted this 30th day of May 2025,

/s/ Tracey Watson
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

12

# Exhibit A

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

(BUFFALO)

_____

TRACEY WATSON,                                    Case: 1:24-cv-00139 -JLS-LGF

                Plaintiff,

                                           **AFFIDAVIT OF TRACEY WATSON**

    vs.

BUFFALO & ERIE COUNTY PUBLIC
LIBRARY and BOARD OF TRUSTEES
OF THE BUFFALO AND ERIE COUNTY
PUBLICLIBRARY,

Defendants.

AFFIDAVIT OF TRACEY WATSON

State of North Carolina

Wake County

I, the undersigned Affiant, Tracey Watson, appearing before the undersigned notary and having been duly sworn or affirmed, deposes and states that Affiant is competent to give the testimony below. Affiant makes the following statements of facts from Affiant's personal knowledge, which Affiant believes to be true for which the source of information and the basis for belief are stated, and do hereby swear, certify, and affirm that:

1. I am a Black American female, and I am the plaintiff, in this action.

2. I am over the age of 18 and a resident of the State of North Carolina. I have personal knowledge of the facts in this affidavit, and if called as a witness, could testify competently about them.

3. I make this affidavit in support of the facts in this case.

4. I, Tracey Watson, declare under penalty of perjury that the following is true and correct:

14

5. My name is Tracey Watson, and I am a witness to the conversations, and custodian of the audio recordings. I have personal knowledge of the events captured in the two audio recordings because I was present in each meeting the entire time and I am competent to testify regarding their authenticity.

6. Plaintiff moves to authenticate and admit into evidence two audio recordings dated **February 17, 2022** and **February 25, 2022**, which provide material documentation relevant to Plaintiff's claims.

a. Recording 1: The first audio recording was obtained on Thursday, February 17, 2022, at 10:30 AM during a Record of Counsel meeting in the Human Resources Office conference room. The recording was created using Apple iPhone 7, encoded in HEVC 30 FPS, with a duration of 47 minutes and 38 seconds. The recording accurately captures Kristi Dougherty statements, within the scope of her official duties, admissions, procedural misconduct, statements of discriminatory treatment directed toward Plaintiff, including explicit instructions given to another employee to harass Plaintiff while stationed at the Children's Circulation Desk working. The audio file has been preserved without alteration and remains in its original format. Present at the meeting were Kristi Dougherty, Defendant's Manager of Children's Services and Outreach Department, Lucylle K. Castaneda, Library Assistant, Jennifer Lelinski, Children's Librarian and Union Representative, and Tracey Watson, Plaintiff.

b. Recording 2: The second audio recording was obtained on Friday, February 25, 2022, at 8:57 AM during a meeting with Judy Fachko, Assistant Deputy Director of Human Resources, in Ms. Fachko's Human Resources department Office. The recording was created using Apple iPhone 7, encoded in HEVC 30 FPS, with a duration of 55 minutes and 3 seconds. The recording accurately captures Fachko's admissions, procedural misconduct, relevant statements including her willful dismissal and intentional disregard of Plaintiff's complaints. Fachko explicitly states that seeking union intervention is useless, despite Plaintiff's reports of differential treatment, harassment, and workplace misconduct. The Assistant Deputy Director's statements, made within the scope of her official duties, further establish the defendant's awareness, knowledge and complicity of my complaints and its willful failure and deliberate inaction to take corrective action. The audio file has been preserved without alteration and remains in its original format. Present at the meeting were Judy Fachko, Assistant Deputy Director of Human Resources and Tracey Watson, the plaintiff.

7. I affirm that both recordings are true and accurate representations of the conversations that took place. I was a participant in both meetings. The audio files have been preserved in their original format without modification, ensuring their authenticity and reliability. Both recordings were lawfully obtained under New York's one-party consent law (N.Y. Penal Law § 250.00) and have been securely stored in Plaintiff's iPhone since their creation. The files remain unaltered, maintaining their integrity for evidentiary review. The plaintiff is prepared to provide witness testimony confirming the circumstances under which the recordings were made, stored, and maintained. As Plaintiff was present at both meetings, she can attest to their accuracy and authenticity. The original audio files remain securely preserved and will be made available for court review.

Respectfully submitted this 28th day of May 2025,

/s/ Tracey Watson
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

State of North Carolina

Wake County

SWORN TO/AFFIRMED AND SUBSCRIBED TO BEFORE ME THIS THE 29ᵗᴴ DAY OF
_____may_____, 20 25.

(Official Seal)

CAPRI ZEIGLER
Notary Public
Wake Co., North Carolina
My Commission Expires June 05, 2028

_____
Official Signature of Notary

___capri zeigler_____, Notary Public
Notary's Printed Name

_____Franklin_____
County Where Notarized

My Commission expires: June 05, 2028

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the following counsel of record a copy of the foregoing PLAINTIFF MOTION FOR EXPEDITED REVIEW OF AUDIO RECORDINGS TO ADMIT INTO EVIDENCE FOR MEDIATION CONFERENCE AND TRIAL by email, by the courts electronic filing system and by depositing it in the Unted States Mail in an envelope with sufficient postage attached to ensure delivery and properly addressed as follows:

Michael E. Hickey
Alison Roach
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue
Suite 900
Buffalo, NY 14202
716-416-7000
Fax: 716-416-7001
Email: mhickey@bsk.com

Respectfully submitted this 30th day of May 2025,


/s/ Tracey Watson
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

17

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

(BUFFALO)

———————————————————————

TRACEY WATSON,                                          Case: 1:24-cv-00139 -JLS-LGF

                    Plaintiff,

                                                        ORDER

        vs.

BUFFALO & ERIE COUNTY PUBLIC
LIBRARY and BOARD OF TRUSTEES
OF THE BUFFALO AND ERIE COUNTY
PUBLICLIBRARY,

Defendants.

**ORDER GRANTING PLAINTIFF MOTION FOR EXPEDITED REVIEW OF AUDIO RECORDINGS TO ADMIT INTO EVIDENCE FOR MEDIATION CONFERENCE AND TRIAL**

THIS MATTER comes before the Court on Plaintiff Motion for Expedited Review of Audio Recordings to Admit into Evidence for Mediation Conference and Trial. Having reviewed the motion and supporting documentation, and for good cause shown, the Court hereby ORDERS as follows:

1. Plaintiff's Motion to Admit Audio Recordings into Evidence is GRANTED.
2. The audio recording is admitted into evidence for use in this litigation.
3. Given the upcoming mediation scheduled for September 10, 2025, the Court finds that timely admission of this evidence is necessary to facilitate meaningful settlement discussions.
4. All parties are directed to consider the admitted recordings in preparation for mediation and any subsequent proceedings.

IT IS SO ORDERED.

Dated: _____

———————————————————————————
Honorable Leslie G. Foschio

18