UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

vs.

**EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER**

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

NOTICE EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER

PLEASE TAKE NOTICE that Plaintiff Tracey Watson, pro se, hereby moves this Court for a protective order pursuant to Fed. R. Civ. P. 26(c), relieving Plaintiff of the obligation to attend an in-person deposition in Buffalo, New York, and ordering Defendants to conduct Plaintiff's deposition by written questions pursuant to Fed. R. Civ. P. 31. This motion is based on Plaintiff's financial hardship, pro se status, and recent travel to Buffalo, NY for court ordered mediation on September 10, 2025. The grounds for this motion are set forth in the accompanying Motion and is supported by the attached Affidavit and Certificate of Compliance to Confer detailing the plaintiff's good faith attempt to resolve the dispute without court action. Plaintiff intends to file and serve reply papers if defendants oppose this motion.

Return date: To be set by the Court or calendared upon filing.

Respectfully Submitted this 25th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road
Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

vs.

**EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER**

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER

NOW COMES Plaintiff Tracey Watson, proceeding pro se and respectfully moves this Court Pursuant to Local Rule 7 (d)(3); Federal Rules of Civil Procedure 26 (c ) and 37, for a protective order relieving Plaintiff of the obligation to attend an in person deposition in Buffalo, New York, and ordering Defendants to conduct Plaintiff's deposition by written questions pursuant to Fed. R. Civ. P. 31.

1. Plaintiff was recently required to travel to Buffalo, NY for court ordered mediation on September 10, 2025. Plaintiff resides in North Carolina and lacks the financial resources to travel again for an in person deposition scheduled by defendant on November 13, 2025.

2. Plaintiff is not refusing to be deposed, but respectfully requests that the deposition be conducted in a manner that does not impose undue burden and expense.

3. The plaintiff filed a Motion to Proceed in Formas Pauperis on August 21, 2025 (Dkt. # 70) and the court has not ruled on plaintiff's motion. The plaintiff cannot afford to travel back to Buffalo NY at this time. The plaintiff was just in Buffalo, NY for court ordered mediation 2 weeks ago. Attached hereto as Exhibit A is a letter from the Franklin County Department of Social Services confirming Plaintiff's receipt of Supplemental Nutrition Assistance Program (SNAP) benefits, substantiating her indigency. Attached hereto as Exhibit B plaintiff's Motion to Proceed in Formas Pauperis filed on August 21, 2025 (Dkt. # 70)

4. The plaintiff has tried to resolve the dispute without court action by conferring in good faith with defendant's counsel, Michael Hickey and plaintiff has provided a certification of Compliance to Confer with her motion.

5. On September 10, 2025, plaintiff received a Notice of Deposition from defendant counsel stating, "*Ms. Watson, Attached is the Library's Notice of your deposition, which is to be held in person on November 13, 2025, at our office in Buffalo. Best, Ed Kelly*." **(Exhibit A – Email Thread From Ed Kelly)** The Notice attached to the email states, "*PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the testimony, upon oral examination, of Plaintiff Tracey Watson will be taken before a notary public, or some other officer authorized by law to administer oaths, and recorded by stenographic means, at the law offices of Bond, Schoeneck & King, PLLC, Avant Building, Suite 900,200 Delaware Avenue, Buffalo, New York 14202 on November 13, 2025 at 10:00 a.m. Oral examination will continue from day to day until completed.*" **(See Exhibit A – Email Thread Notice From Ed Kelly)**

6. On September 18, 2025, the plaintiff responded stating, "*Hello and Good morning Mr. Hickey, I am writing to confer regarding the possibility of proceeding with written depositions under Rule 31 in lieu of an oral deposition. I recently returned to North Carolina after attending court-ordered mediation in Buffalo, NY on September 10, 2025, and I have received your Notice scheduling an in-person deposition for November 13, 2025 at your office in Buffalo, NY. Given my residence in North Carolina and the financial constraints I face as a pro se litigant, I believe a written deposition format may be more efficient and equitable for all parties. 1.) Please let me know whether you object to proceeding by written deposition. I am prepared to finalize and serve the necessary Rule 31 written deposition questions promptly upon confirmation. 2.) Additionally, I also seek to depose Defendants and their designated representatives using written deposition questions pursuant to Rule 31. I would like to know whether you will accept service of written deposition questions directed and served to you, defendants, and other designated representatives of Defendants under Rule 31. This request is made without waiver of any procedural rights or objections, and I reserve all remedies available under the Federal Rules of Civil Procedure. Thank you for your attention to this matter. I look forward to your response. Respectfully, Tracey Watson Pro Se Plaintiff*" **(See Exhibit A – Email Thread From Tracey Watson)**

7. On September 18, 2025, Mr. Hickey respond stating, "*Ms. Watson, We do not consent to conducting your deposition in writing. As stated in the deposition notice, we will be conducting your deposition in person in our office. We will need complete discovery responses from you prior to taking the deposition. They are due well in advance, so I assume that will not be a problem. We have no objection to you deposing Defendants and their representatives using*

*written deposition questions. We will accept service of those deposition questions. -Mike Michael Hickey*" **(Exhibit A – See Email Thread From Michael Hickey)**

8. This motion is supported by the attached Affidavit and is made pursuant to Fed. R. Civ. P. 26(c)(1), which authorizes protective orders to prevent undue burden and expense.

Respectfully Submitted this 25th day of September 2025,

/s/ Tracey Watson Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road
Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7 (d)(3); Federal Rules of Civil Procedure 26 (c ) and 37, I HEREBY CERTIFY that the undersigned, Plaintiff, in a good faith effort to resolve the issue presented in this motion, conferred with defendants counsel, Michael Hickey by email. Despite these efforts, the parties were unable to resolve the dispute.

Respectfully Submitted this 25th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road
Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the following counsel of record a copy of the foregoing EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER by email, by the courts electronic filing system and by depositing it in the Unted States Mail in an envelope with sufficient postage attached to ensure delivery and properly addressed as follows:

Michael E. Hickey
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: mhickey@bsk.com

Alison Roach, Esq.
BOND, SCHOENECK & KING, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 416-7000
Fax: 716-416-7001
E-mail: aroach@bsk.com

Kelly Edwards
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: ekelly@bsk.com

Respectfully submitted this 25th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

vs.

**AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c)**

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

AFFIDAVIT OF PLAINTIFF TRACEY WATSON IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER

State of North Carolina

Wake County

I, the undersigned Affiant, Tracey Watson, appearing before the undersigned notary and having been duly sworn or affirmed, deposes and states that Affiant is competent to give the testimony below. Affiant makes the following statements of facts from Affiant's personal knowledge, which Affiant believes to be true for which the source of information and the basis for belief are stated, and do hereby swear, certify, and affirm that:

1. I am a Black American female, and I am the Pro Se plaintiff, in this action.

2. I am over the age of 18 and a resident of the State of North Carolina. I have personal knowledge of the facts in this affidavit, and if called as a witness, could testify competently about them.

3. I am the Plaintiff in the above-captioned matter and make and submit this Affidavit in support of the facts and my motion for a protective order under Fed. R. Civ. P. 26(c).

4. I reside in North Carolina, and I am proceeding pro se.

5. The plaintiff filed a Motion to Proceed in Formas Pauperis on August 21, 2025 (Dkt. # 70) and the court has not ruled on plaintiff's motion. The plaintiff cannot afford to travel back to Buffalo NY at this time. The plaintiff was just in Buffalo, NY for court ordered mediation 2 weeks ago.

6. Attached hereto as **Exhibit A** is the plaintiff's Motion to Proceed in Formas Pauperis filed on August 21, 2025 (Dkt. # 70) with a letter from the Franklin County Department of Social Services confirming Plaintiff's receipt of Supplemental Nutrition Assistance Program (SNAP) benefits (See Exhibit A of Plaintiff's Motion to Proceed in Formas Pauperis filed on August 21, 2025 (Dkt. # 70), substantiating her indigency.

7. The plaintiff has tried to resolve the dispute without court action by conferring in good faith with defendant's counsel, Michael Hickey and plaintiff has provided a certification of Compliance to Confer with this affidavit and her motion.

8. On September 10, 2025, I traveled to Buffalo, New York, for court-ordered mediation. That travel required significant personal expenses on plaintiff family and hardship.

9. On September 10, 2025, Defendants served a Notice of Deposition requiring plaintiff to appear in person in Buffalo, New York on November 13, 2025.

10. On September 10, 2025, plaintiff received a Notice of Deposition from defendant counsel stating, "*Ms. Watson, Attached is the Library's Notice of your deposition, which is to be held in person on November 13, 2025, at our office in Buffalo. Best, Ed Kelly.*" **(Exhibit A – Email From Ed Kelly)**

6. The Notice attached to the email states, "*PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the testimony, upon oral examination, of Plaintiff Tracey Watson will be taken before a notary public, or some other officer authorized by law to administer oaths, and recorded by stenographic means, at the law offices of Bond, Schoeneck & King, PLLC, Avant Building, Suite 900,200 Delaware Avenue, Buffalo, New York 14202 on November 13, 2025 at 10:00 a.m. Oral examination will continue from day to day until completed.*" **(Exhibit A – Notice Attached to Email From Ed Kelly)**

7. On September 18, 2025, the plaintiff responded stating, "*Hello and Good morning Mr. Hickey, I am writing to confer regarding the possibility of proceeding with written depositions under Rule 31 in lieu of an oral deposition. I recently returned to North Carolina after attending court-ordered mediation in Buffalo, NY on September 10, 2025, and I have received your Notice scheduling an in-person deposition for November 13, 2025 at your office in Buffalo, NY. Given my residence in North Carolina and the financial constraints I face as a pro se litigant, I believe a written deposition format may be more efficient and equitable for all parties. 1.) Please let me know whether you object to proceeding by written deposition. I am prepared to finalize and serve the necessary Rule 31 written deposition questions promptly upon confirmation. 2.) Additionally, I also seek to depose Defendants and their designated representatives using written deposition questions pursuant to Rule 31. I would like to know whether you will accept service of written deposition questions directed and served to you, defendants, and other designated*

*representatives of Defendants under Rule 31. This request is made without waiver of any procedural rights or objections, and I reserve all remedies available under the Federal Rules of Civil Procedure. Thank you for your attention to this matter. I look forward to your response. Respectfully, Tracey Watson Pro Se Plaintiff'* **(Exhibit A – Email From Tracey Watson)**

8. On September 18, 2025, Mr. Hickey respond stating, "*Ms. Watson, We do not consent to conducting your deposition in writing. As stated in the deposition notice, we will be conducting your deposition in person in our office. We will need complete discovery responses from you prior to taking the deposition. They are due well in advance, so I assume that will not be a problem. We have no objection to you deposing Defendants and their representatives using written deposition questions. We will accept service of those deposition questions. -Mike Michael Hickey*" **(Exhibit A – Email From Michael Hickey)**

9. The plaintiff does not, *at this time*, have the financial resources to travel back to Buffalo, New York again, within the next 30 days for an in-person deposition.

10. The plaintiff is not refusing to be deposed. The plaintiff is requesting that she be able to respond by written deposition questions under Rule 31.

11. The plaintiff respectfully request that the Court issue a protective order relieving her of the obligation to attend the in-person deposition in Buffalo, NY and ordering Defendants to conduct the deposition by written questions under Rule 31.

I certify and declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America and the State of North Carolina.

Respectfully Submitted This 24th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road

Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

State of North Carolina

Wake County

SWORN TO/AFFIRMED AND SUBSCRIBED TO BEFORE ME THIS THE 9TH DAY OF SEPTEMBER, 20 25.

(Official Seal)

FREDRICK L. IKPELUE
NOTARY PUBLIC
Wake County
North Carolina
My Commission Expires Feb. 11, 2029

*Official Signature of Notary*

FREDRICK L. IKPELUE, Notary Public

*Notary's Printed Name*

WAKE

*County Where Notarized*

My Commission expires: FEB, 11, 2029

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7 (d)(3); Federal Rules of Civil Procedure 26 (c ) and 37, I HEREBY CERTIFY that the undersigned, Plaintiff, in a good faith effort to resolve the issue presented in this motion, conferred with defendants counsel, Michael Hickey by email. Despite these efforts, the parties were unable to resolve the dispute.

Respectfully Submitted this 25th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road
Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served upon the following counsel of record a copy of the foregoing EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) AND AFFIDAVIT OF TRACEY WATSON WITH CERTIFICATE OF COMPLIANCE TO CONFER by email, by the courts electronic filing system and by depositing it in the Unted States Mail in an envelope with sufficient postage attached to ensure delivery and properly addressed as follows:

Michael E. Hickey
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: mhickey@bsk.com

Alison Roach, Esq.
BOND, SCHOENECK & KING, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 416-7000
Fax: 716-416-7001
E-mail: aroach@bsk.com

Kelly Edwards
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: ekelly@bsk.com

Respectfully submitted this 24th day of September 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

**PROPOSED ORDER**

vs.

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

PROPOSED ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Upon consideration of Plaintiff's Motion for Protective Order under Fed. R. Civ. P. 26(c), and the supporting affidavit, it is hereby:

ORDERED that Plaintiff is relieved of the obligation to attend an in-person deposition in Buffalo, New York; and

ORDERED that Defendants shall conduct Plaintiff's deposition by written questions pursuant to Fed. R. Civ. P. 31.

SO ORDERED.

Dated: ________________

Buffalo, New York

__________________________________

Hon. Leslie G. Foschio
United States Magistrate Judge

# Exhibit A

Gmail **T Watson <twnywdc@gmail.com>**

## Notice of Deposition
3 messages

**Kelly, Edward** <ekelly@bsk.com> Wed, Sep 10, 2025 at 4:27 PM
To: T Watson <twnywdc@gmail.com>
Cc: "Hickey, Michael" <mhickey@bsk.com>, "Roach, Alison" <aroach@bsk.com>

Ms. Watson,

Attached is the Library's Notice of your deposition, which is to be held in person on November 13, 2025, at our office in Buffalo.

Best,

Ed Kelly

**Edward W. Kelly**

Associate/Litigation

716.416.7002 **Direct**

ekelly@bsk.com

**Bond: Essential to Your Business | 300+ Attorneys in 15 Offices | 30+ Practice and Industry Groups**

For informed business and legal counsel, subscribe to Bond publications here

BOND SCHOENECK & KING ATTORNEYS

**Avant Building**

200 Delaware Avenue

Buffalo, NY 14202-2107

**716.416.7000 Firm**

bsk.com

*This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.*

**Watson Deposition Notice.pdf**
37K

**T Watson** <twnywdc@gmail.com> Thu, Sep 18, 2025 at 9:51 AM
To: "Kelly, Edward" <ekelly@bsk.com>
Cc: "Hickey, Michael" <mhickey@bsk.com>, "Roach, Alison" <aroach@bsk.com>

Hello and Good morning Mr. Hickey,

I am writing to confer regarding the possibility of proceeding with written depositions under Rule 31 in lieu of an oral deposition. I recently returned to North Carolina after attending court-ordered mediation in Buffalo, NY on September 10, 2025, and I have received your Notice scheduling an in-person deposition for November 13, 2025 at your office in Buffalo, NY.

Given my residence in North Carolina and the financial constraints I face as a pro se litigant, I believe a written deposition format may be more efficient and equitable for all parties.

1.) Please let me know whether you object to proceeding by written deposition. I am prepared to finalize and serve the necessary Rule 31 written deposition questions promptly upon confirmation.

2.) Additionally, I also seek to depose Defendants and their designated representatives using written deposition questions pursuant to Rule 31. I would like to know whether you will accept service of written deposition questions directed and served to you, defendants, and other designated representatives of Defendants under Rule 31.

This request is made without waiver of any procedural rights or objections, and I reserve all remedies available under the Federal Rules of Civil Procedure.

Thank you for your attention to this matter. I look forward to your response.

Respectfully,

Tracey Watson

Pro Se Plaintiff

[Quoted text hidden]

**Hickey, Michael** <mhickey@bsk.com> Thu, Sep 18, 2025 at 10:38 AM
To: T Watson <twnywdc@gmail.com>, "Kelly, Edward" <ekelly@bsk.com>
Cc: "Roach, Alison" <aroach@bsk.com>

Ms. Watson,

We do not consent to conducting your deposition in writing. As stated in the deposition notice, we will be conducting your deposition in person in our office. We will need complete discovery responses from you prior to taking the deposition. They are due well in advance, so I assume that will not be a problem.

We have no objection to you deposing Defendants and their representatives using written deposition questions. We will accept service of those deposition questions.

-Mike

**Michael Hickey**

Labor & Employment Department

716.416.7024 Direct

585.703.9945 Cell

MHickey@bsk.com

Bond, Schoeneck & King PLLC

Avant Building - Suite 900, 200 Delaware Avenue, Buffalo, NY 14202-2107

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

**From:** T Watson <twnywdc@gmail.com>
**Sent:** Thursday, September 18, 2025 9:51 AM
**To:** Kelly, Edward <ekelly@bsk.com>
**Cc:** Hickey, Michael <mhickey@bsk.com>; Roach, Alison <aroach@bsk.com>
**Subject:** Re: Notice of Deposition

**External Email:** Use caution before clicking links or opening attachments.

Hello and Good morning Mr. Hickey,

I am writing to confer regarding the possibility of proceeding with written depositions under Rule 31 in lieu of an oral deposition. I recently returned to North Carolina after attending court-ordered mediation in Buffalo, NY on September 10, 2025, and I have received your Notice scheduling an in-person deposition for November 13, 2025 at your office in Buffalo, NY.

Given my residence in North Carolina and the financial constraints I face as a pro se litigant, I believe a written deposition format may be more efficient and equitable for all parties.

1.) Please let me know whether you object to proceeding by written deposition. I am prepared to finalize and serve the necessary Rule 31 written deposition questions promptly upon confirmation.

2.) Additionally, I also seek to depose Defendants and their designated representatives using written deposition questions pursuant to Rule 31. I would like to know whether you will accept service of written deposition questions directed and served to you, defendants, and other designated representatives of Defendants under Rule 31.

This request is made without waiver of any procedural rights or objections, and I reserve all remedies available under the Federal Rules of Civil Procedure.

Thank you for your attention to this matter. I look forward to your response.

Respectfully,

Tracey Watson

Pro Se Plaintiff