**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TRACEY WATSON,**

**Plaintiff,**

**vs.**

**OPPOSITION**

**BUFFALO & ERIE COUNTY PUBLIC LIBRARY, BOARD OF TRUSTEES OF THE BUFFALO AND ERIE COUNTY PUBLIC LIBRARY,**

**Case: 1:24-cv-00139**

**Defendants.**

---

Defendants Buffalo & Erie County Public Library ("Library") and Board of Trustees of the Buffalo & Erie County Public Library ("Board of Trustees") (collectively, "Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff Tracey Watson's ("Plaintiff") Motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Dkt. No. 79), and "Notice of Status regarding pending motions" (Dkt. No. 80), which were filed on September 25, 2025. For the following reasons, Plaintiff's motion and requests should be denied in their entirety.

As an initial matter, this is now Plaintiff's eleventh motion to this Court. It has become clear that Plaintiff has grown impatient with the judicial process and seeks to harass this Court into providing a ruling on her eleven pending motions. Dkt. Nos. 38, 53, 54, 62, 63, 64, 69, 72, 73, 75, 79; *See also* Dkt. No. 80 p. 4 ¶12 ("Plaintiff's motions address distinct issues arising from judicial inaction…"). Plaintiff's continued filing of meritless motions needlessly wastes this Court's resources and is causing unnecessary delay. As mentioned in Defendants' previous opposition (Dkt. No. 76), Plaintiff's meritless motions warrant the imposition of sanctions, as Plaintiff

routinely fails to comply with Federal Rule of Civil Procedure 11(b). *See Guerra v. Jones*, 2010 U.S. Dist. LEXIS 25168, at *32 (N.D.N.Y. Mar. 16, 2010) (discussing the Court's power to impose sanctions for similar conduct to Plaintiff's); *see also Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (enjoining *pro se* Plaintiff from filing further claims due to continued frivolous claims); *Lettieri v. Bonanno*, 2024 U.S. App. LEXIS 28318, at *1 (2d Cir. June 26, 2024) ("Appellant has filed a number of meritless matters in this and other Courts. Accordingly, Appellant is hereby warned that the continued filing of clearly meritless appeals, motions, or other papers could result in the imposition of a sanction that would require Appellant to obtain permission from this Court prior to filing further submissions in this Court").

For the reasons set forth below, Plaintiff's latest motion and other requests should be denied.

**I. Motion for Protective Order**

In Plaintiff's Motion for a Protective Order, Plaintiff seeks an Order from this Court "relieving [her] of the obligation to attend an in-person deposition in Buffalo, New York, and ordering Defendants to conduct Plaintiff's deposition by written questions pursuant to FRCP 31" because she lacks the financial resources to travel to Buffalo, despite Plaintiff choosing to sue the case in the Western District of New York and her recent travel to Buffalo to attend the in-person mediation of this matter.

"It is well-settled that because a plaintiff chooses the forum in which to exercise her rights, such plaintiff is ordinarily required to make herself available for deposition in the jurisdiction in which the action was brought." *Price v Priority Transp.*, 2008 US Dist LEXIS 77326, at *2 (WDNY 2008) (collecting cases).

Here, it would prejudice Defendants if they were required to conduct Plaintiff's deposition by written questions. District Courts have frequently held that, "…depositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to specific question." *Sadowski v Tech. Career Insts.*, 1994 US Dist LEXIS 7121, at *1-2 (S.D.N.Y. 1994) (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549-50 (S.D.N.Y. 1989) (collecting cases)); *see also Bromfield v. Bronx Leb. Special Care Ctr., Inc.*, 2021 U.S. Dist. LEXIS 237822, at *13 (S.D.N.Y. Dec. 9, 2021) (denying pro se plaintiff's request for her deposition to be conducted on written questions).

Here, for those same reasons, a deposition of Plaintiff on written questions would be an inadequate substitute for an oral deposition. Plaintiff has alleged she was subjected to discrimination during her employment with the Erie County Public Library. Such a case, naturally, poses significant questions of credibility. If Defendants' counsel was required to conduct Plaintiff's deposition in a mode other than in person, it would prejudice their ability to assess Plaintiff's credibility at her deposition, ask follow-up questions and inquiries related to Plaintiff's responses, and prepare for the ultimate trial on this matter. For these reasons, Plaintiff's motion for a protective order should be denied. Plaintiff was employed within the Western District of New York when the facts underlying this case arose, Plaintiff chose (appropriately) to sue this case in the Western District, and Plaintiff should be required to appear for her deposition in the Western District.

## II. "Notice of Status Regarding Pending Motions and Disclosure Demands"

Plaintiff has submitted to this Court a "Notice of Status" which erroneously asserts that Defendants "do not dispute the joinder of the Board of Trustees, Jeanine Doyle/Purtell, and Judith

Fachko" (Dkt. No. 80, ¶ 14), accuses Defendants of "harassment and procedural misconduct" (Dkt. No. 80, ¶¶ 5 – 11), and explains that her prior motion (Dkt. No 75) is a request for "judicial confirmation that supplementation is procedurally proper…" (Dkt. No. 80, ¶ 15).

To Plaintiff's point regarding joinder of Jeanine Doyle/Purtell and Judith Fachko, Defendants have consistently opposed the joinder of Jeanine Doyle/Purtell and Judith Fachko. This was the basis of Defendants' previously filed opposition to her Motion to Amend. *See* Dkt. No. 39. Defendants still maintain this opposition. Defendants do not, on the other hand, dispute that the Board of Trustees is already a party to this action.

Plaintiff's claim that Defendants have somehow harassed and committed procedural misconduct is entirely baseless. The primary basis of Plaintiff's concern is that Defendants refused to allow her to come to defense counsel's office on one day's notice to "inspect" documents identified in Defendants' initial disclosures. *See* Dkt. No. 80-1, p. 5-6. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendants were only required to "describe by category and location… all documents… [it] may use to support its claims or defenses…." Fed. R. Civ. P. 26(a)(1)(A)(ii). The only document Defendants are required to make available as part of their initial disclosures is an applicable insurance agreement. Fed. R. Civ. P. 26(a)(1)(A)(iv). Defendants have provided Plaintiff with a copy of their insurance agreement and fulfilled all of their obligations pursuant to Rule 26.[1]

[1] In her instant "Notice of Status," Plaintiff again objects to Defendants' production of their insurance agreement to her. As stated in Defendants' opposition to her prior Motion to Compel (Dkt. No. 76), there is no basis for Plaintiff's objection. Defendants have made the Library's insurance agreement available for "inspection and copying" as required by Rule 26(a)(1)(A)(iv). Plaintiff made no attempt to schedule a time to inspect or copy any insurance documents. However, as a courtesy, Defendants sent Plaintiff, via email, a copy of the Library's insurance policy. Defendants have done more than what is required by Rule 26(a).

Should Plaintiff wish to request documents (whether those described in Defendants' initial disclosures or otherwise), she is required to provide Defendants with a proper demand pursuant to Rule 34. Defendants' counsel explained to Plaintiff by e-mail dated August 19, 2025, that she is "entitled to request inspection of the documents listed in [Defendants'] initial disclosures as part of [her] Rule 34 requests." *See* Dkt. No. 80-1, p. 4. However, Plaintiff has admittedly failed to serve proper Rule 34 document requests. *See* Dkt. No. 63-1, ¶ 47 (Plaintiff admitting she did not "properly submit a Rule 34 request with a signature…"). Plaintiff's September 11, 2025 e-mail, which asked to visit defense counsel's office to inspect and copy the documents listed in Defendants' initial disclosures on one day's notice, was not a proper Rule 34 document request. *See, e.g.,* Fed. R. Civ. P. 26(g)(1) ("[E]very discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented….") Defendants were well within their rights to deny Plaintiff access to their counsel's law office to inspect documents she had not made a proper demand for.

Plaintiff seems to assert that Defendants' demand for a "computation of each category of damages" that she is claiming in this action is somehow improper. *See* Dkt. No. 80, p. 4, ¶7. Any such assertion is entirely baseless and ignores the Federal Rules of Civil Procedure. Plaintiff was required to, but did not, include in her initial disclosures a "computation of each category of damages claimed by the disclosing party" or any documents related to such computation. Fed. R. Civ. P. 26(a)(1)(A)(iii). Defense counsel's e-mails to Plaintiff, which she attaches to her instant "Notice of Status" (Dkt. No. 80-1, pp. 8-12), reminded her of the requirements of Rule 26(a)(1)(A)(iii) as well as her duty to supplement her disclosure in a timely manner under Rule 26(e)(1). Those e-mails were an appropriate attempt to request Plaintiff's compliance with her discovery obligations. Defendants are still awaiting Plaintiff's compliance.

With respect to Plaintiff's final request for "judicial confirmation" of the proper procedure to follow, Plaintiff's request, and previous motions seeking procedural guidance, run afoul of established caselaw prohibiting District Judges from acting "as counsel or paralegal to *pro se* litigants." *Pliler v Ford*, 542 U.S. 225, 231-232 (2004). The Supreme Court has held that "the trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the [pro se] defendant that counsel would normally carry out." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000). Advising a litigant on the proper procedure to follow in a given situation "would undermine district judges' role as impartial decisionmakers." *Pliler*, 542 U.S. at 231 (2004) (also holding that requesting the Court "explain the details of federal habeas procedure" is improper). Plaintiff's requests, and various motions seeking "judicial clarification" are attempts by Plaintiff to have the Court to "take over chores… that would normally be attended to by trained counsel as a matter of course." *Id.* Her requests are improper and should be denied.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for a Protective Order (Dkt. No. 79) and any request made in her "Notice of Status" (Dkt. 80) should be denied. Plaintiff should be directed to stop filing frivolous motions and other requests, as they are causing unnecessary delay and needlessly wasting judicial resources and increasing litigation costs.

Dated: October 7, 2025
Buffalo, New York

**BOND, SCHOENECK & KING PLLC**

/s/Michael E. Hickey, Esq.
Michael E. Hickey, Esq.
Edward W. Kelly, Esq.
*Attorneys for Defendants*
200 Delaware Ave., Suite 900
Buffalo, New York 14202
Telephone: (716) 416-7024
mhickey@bsk.com