UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

vs.

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER NOTICE OF STATUS AND JUDICIAL NOTICE WITH SUPPLEMENTAL AFFIDAVIT**

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER NOTICE OF STATUS AND JUDICIAL NOTICE

NOW COMES Plaintiff Tracey Watson, proceeding pro se, respectfully submits this Reply to Defendants' Opposition (Dkt. No. 83) to her Emergency Motion for Protective Order (Dkt. No. 79), Notice of Status (Dkt. No. 80).

1. Plaintiff respectfully requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201 of the following adjudicative facts: In Watson v. New York State United Teachers Union Local Librarians Association of the Buffalo and Erie County Public Library, Case No. 1:23-cv-00356-JLS-LGF (W.D.N.Y.), the Honorable John L. Sinatra, Jr. entered an Order on February 18, 2025 (Dkt. No. 6), granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis. In that matter, Plaintiff filed her complaint and motion to proceed in forma pauperis on

April 21, 2023, and on February 18, 2025, Judge Sinatra granted the motion. The Order directed the Clerk of Court to file Plaintiff's papers and cause the United States Marshals to serve copies of the summons, complaint, and order upon the named defendant. The same Magistrate Judge presides over both actions. This prior ruling confirms that Plaintiff has already been found indigent under substantially identical financial circumstances.

2. In the present case, Plaintiff's earlier IFP motion (Dkt. No. 24) was denied as moot on January 16, 2025 (Dkt. No. 32), solely because Plaintiff had already paid the filing fee. That denial was not a determination on the merits of Plaintiff's indigency. After Plaintiff's financial circumstances materially changed, she refiled a Motion to Proceed In Forma Pauperis on August 21, 2025 (Dkt. Nos. 69 and 70). That motion remains pending without decision, and the delay directly impacts Plaintiff's ability to comply with discovery obligations, including travel for an in-person deposition.

Judicial notice of the February 18, 2025 order in Case No. 1:23-cv-00356-JLS-LGF is proper because it is a matter of public record, not subject to reasonable dispute, and can be accurately and readily determined from the docket of this Court.

3. The unresolved IFP motion is central to this dispute and this delay has left Plaintiff without the relief Congress intended for indigent litigants. Plaintiff cannot afford repeated travel to Buffalo while awaiting a ruling. Defendants' insistence on an in-person deposition disregards this reality.

4. Plaintiff expressly denies Defendants' characterization that she has "grown impatient with the judicial process and seeks to harass this Court into providing a ruling on her pending motions before the court. Each of Plaintiff's motions addresses distinct procedural issues arising from judicial inaction, discovery disputes, or the need to preserve Plaintiff's rights under the Federal

Rules of Civil Procedure. Plaintiff has acted in good faith, with diligence and respect for the Court, and has not filed motions for any improper purpose. The record demonstrates that Plaintiff's filings are grounded in fact and law, supported by sworn statements, and necessary to ensure procedural fairness. Accordingly, Defendants' assertion that Plaintiff's filings constitute harassment or impatience with the judicial process is unfounded and should be disregarded.

5. Defendants' reliance on the general rule that a plaintiff must appear for deposition in the forum district is misplaced. While courts often require plaintiffs to appear in the chosen forum, Rule 26(c)(1) expressly authorizes protective orders to prevent undue burden or expense, and Rule 31 provides for depositions by written questions. Plaintiff's circumstances fall within these exceptions. Plaintiff has demonstrated indigency through her pending Motion to Proceed In Forma Pauperis (Dkt. No. 70), supported by documentation of her receipt of public assistance. Plaintiff has already incurred significant hardship by traveling to Buffalo for court-ordered mediation on September 10, 2025. Requiring another trip within weeks imposes an undue financial and personal burden. Courts recognize that protective orders are appropriate where travel would impose disproportionate hardship on an indigent, out-of-state litigant.

6. The cases Defendants cite (e.g., Price v. Priority Transp., Sadowski, Mill-Run Tours, Bromfield) involve plaintiffs who had not demonstrated indigency or extraordinary hardship. None involved a litigant with a pending IFP motion substantiating inability to pay for repeated travel. These cases establish only that written depositions are generally disfavored, not that they are categorically barred. Rule 31 remains a valid mechanism, particularly where equity and fairness demand it.

7. Defendants claim prejudice if required to proceed by written questions. Yet the prejudice to Plaintiff an indigent, out-of-state litigant unable to afford repeated travel is far greater. Rule 26(c)

requires the Court to balance burdens. Here, the burden of travel on Plaintiff substantially outweighs any inconvenience to Defendants, who will still obtain sworn testimony through written questions.

8. Defendants argue that written depositions are inadequate because they cannot assess Plaintiff's credibility. However, credibility determinations are reserved for the jury/the trier of fact at trial, not for opposing counsel at deposition. Defendants will have full opportunity to cross-examine Plaintiff at trial. The Federal Rules do not guarantee counsel the ability to assess demeanor during discovery; they guarantee access to testimony.

9. Plaintiff is not refusing to be deposed. She has expressly agreed to proceed by written questions under Rule 31 and has sought Defendants' consent in good faith. Defendants have already agreed to accept service of Plaintiff's written deposition questions directed to them and their representatives. It is inequitable to deny Plaintiff the same accommodation.

10. Plaintiff has acted in good faith. Plaintiff has consistently conferred with opposing counsel before filing motions, as required by Rule 37(a)(1) and Local Rule 7(d). Plaintiff has also provided certifications of compliance to demonstrate her efforts to resolve disputes without court intervention.

11. Judicial delay necessitated filings. Several of Plaintiff's motions have remained pending for extended periods in some instances for many months without ruling. Plaintiff's filings are therefore not attempts to "harass" the Court, but rather necessary efforts to preserve her rights and ensure that the record reflects ongoing prejudice caused by delay.

12. Rule 11(b) compliance. Plaintiff's motions are well-grounded in fact and law, supported by sworn affidavits, and filed for proper purposes. Defendants' reliance on cases involving truly

frivolous or vexatious litigants is misplaced. Plaintiff has not filed frivolous lawsuits, nor has she advanced claims previously adjudicated. Instead, she has sought relief expressly authorized by the Federal Rules and the laws of the United States.

13. Sanctions are unwarranted. Defendants' request for sanctions is an attempt to intimidate a pro se litigant and chill her access to the courts. Plaintiff's filings demonstrate diligence, not abuse. Courts have co consistently recognized that pro se litigants are entitled to access procedural remedies, and sanctions are reserved for conduct that is objectively unreasonable and undertaken in bad faith neither of which applies as it relates to the plaintiff.

14. Plaintiff's Notice of Status did not misrepresent Defendants' position. Plaintiff accurately stated that Defendants have not disputed the joinder of the Board of Trustees, which is already a named party, but the court has not officially ruled yet. As to Jeanine Doyle/Purtell and Judith Fachko, Plaintiff acknowledges that Defendants opposed their joinder. Plaintiff's Notice merely clarified the procedural posture and preserved the record.

**15. Moreover, the plaintiff would like to remind the court while Defendants may oppose joinder and amendment of the complaint, they expressly agreed in the parties' Joint Case Management Order, and the Court confirmed in its Scheduling Order, that Plaintiff had until February 13, 2025 to add parties, assert additional claims, or amend the pleadings. See Scheduling Order at Dkt. No. 34 ("All motions to join other parties and to amend the pleadings shall be filed on or before February 13, 2025."). The plaintiff joinder and amend her Complaint by the deadline per the scheduling ordered by the court to add Jeanine Doyle/Purtell and Judith Fachko to the case.** Accordingly, Plaintiff's actions were fully consistent with the Court's Scheduling Order and the Federal Rules of Civil Procedure. Defendants' attempt to characterize Plaintiff's Notice as misleading is without merit.

16. Plaintiff respectfully clarifies that she has already served her initial disclosures in which defendant only agreed to the initial disclosures via email and Rule 34 requests on Defendants. However, Plaintiff acknowledges that her initial disclosures were not signed and did not include a damages computation, and that her Rule 34 requests were not signed in compliance with Rule 26(g)(1). Because the Scheduling Order closed the window for discovery requests, Plaintiff properly filed a motion for leave to reopen Rule 26 and Rule 34 for the limited purpose of correcting these technical deficiencies and supplementing her disclosures.

That motion remains pending before the Court. Until the Court rules, Plaintiff cannot unilaterally "re-serve" or supplement outside the discovery window without leave. Despite this, defense counsel has continued to email Plaintiff demanding immediate service of Rule 26 computations and supplemental Rule 34 requests. Plaintiff filed her Notice of Status (Dkt. No. 80) to ensure the Court was aware of this ongoing issue and to preserve the record.

17. Plaintiff has acted in good faith and in compliance with the Scheduling Order by seeking leave of Court before attempting to supplement disclosures or re-serve requests. Defendants' suggestion that Plaintiff refuses to make discovery is inaccurate; Plaintiff is awaiting the Court's ruling so that she may proceed properly and in accordance with Court orders and the Federal Rules of Civil Procedure.

18. Plaintiff's concerns regarding harassment and procedural misconduct are not "baseless." Defendants' refusal to permit inspection of documents identified in their initial disclosures, coupled with their insistence on improper service methods, has created unnecessary obstacles for a pro se litigant proceeding in this actions. Plaintiff's Notice documented these issues to preserve her rights and to ensure the Court is aware of the ongoing discovery disputes. This is not harassment; it is diligence. Defendants mischaracterize Plaintiff's request to inspect documents.

Rule 26(a)(1)(A)(ii) requires disclosure of documents a party may use to support its claims or defenses. While Defendants are correct that Rule 34 governs inspection, Plaintiff's September 11, 2025 email was a good-faith attempt to arrange inspection without burdening the Court.

Plaintiff's request for judicial confirmation of procedural propriety was not an attempt to have the Court act as her counsel. Rather, it was a narrowly tailored request to ensure that supplementation of disclosures and filings would be procedurally proper, given Defendants' repeated requests and accusations of noncompliance.

19. The cases Defendants cite (Pliler v. Ford, Martinez v. Court of Appeal) involve requests for substantive legal advice in habeas proceedings, not simple procedural clarification in civil discovery. Plaintiff's request was made in good faith to avoid unnecessary disputes, not to shift the Court into the role of advocate. For these reasons, Defendants' characterization of Plaintiff's Notice of Status as erroneous, baseless, or improper should be rejected. Plaintiff's Notice was a good-faith effort to clarify the record, preserve her rights, and address ongoing discovery issues consistent with the Federal Rules of Civil Procedure.

20. Again, Defendants argue that written depositions are "inadequate." Yet Rule 31 expressly authorizes depositions by written questions, and Rule 26(c) empowers the Court to issue protective orders to prevent undue burden and expense. Plaintiff's circumstances indigency, out-of-state residence, and pending IFP status present precisely the type of undue burden Rule 26(c) is designed to address.

21. Defendants' opposition also misstates the record regarding discovery. Plaintiff has not received Defendants' discovery requests by U.S. Mail, and Defendants never obtained Plaintiff's written consent to email service under FRCP 5(b)(2)(E). Accordingly, the 30-day response period

has not commenced. Specifically, Plaintiff emailed Mr. Hickey on October 14, 2025 at 7:07 AM in response to his once again mischaracterizing an email I sent to him on June 22, 2025. The plaintiff stated, "*Mr. Hickey, Plaintiff notes that on June 22, 2025 at 10:07 AM, she sent an email to defense counsel respectfully requesting their consent to accept service from her via both email and the Court's electronic filing system, pursuant to Rule 5 of the Federal Rules of Civil Procedure. Defendants' counsel has since cited that email in correspondence, yet they never responded to it or provided the requested consent. Accordingly, there is no mutual consent under Rule 5(b)(2)(E) for electronic service of discovery requests or responses, and Plaintiff continues to require proper service by U.S. Mail or another authorized method. Thus, I want to clarify the record regarding service of discovery. While you consented to receive my initial disclosures by email, you did not respond to my request for consent to accept service from me via email in this case, nor have you consented to be served with discovery materials by email. Accordingly, under FRCP 5(b)(2)(E), there is no mutual consent for electronic service of interrogatories or requests for production. I have never received Defendants' First Set of Interrogatories or Requests for Production by U.S. Mail or other authorized method of service. Email transmission alone was not valid service. A certificate or affidavit of service does not establish actual delivery where the documents were never received. I remain committed to complying with discovery obligations upon proper service. Please re-serve the discovery requests by U.S. Mail or another authorized method so that I may respond within the time permitted by the Rules, subject to my objections. In the interest of efficiency and to reduce the costs and delays associated with mail service, I am again requesting your consent under FRCP 5(b)(2)(E) for both parties to accept service of all filings in this action, including all discovery requests and responses, via email and the courts electronic filing system. If you consent to mutual email service under FRCP 5(b)(2)(E), via email*

*and the courts electronic filing system my time to respond to Defendants' discovery requests will begin only upon your re-service of those requests after such consent is confirmed by email so I can file our mutual consent with the court. As you know, I am proceeding pro se and in forma pauperis, and I am located outside of New York. Mutual consent to email service would streamline the process for both sides. If you agree, please confirm in writing so that we may proceed accordingly. If you do not consent, I respectfully request that all discovery requests be served by U.S. Mail or another authorized method under Rule 5(b). Sincerely, Tracey Watson Pro Se Plaintiff*"

Defendant counsel, Mr. Hickey responded on October 14, 2025 at 7:15 AM stating, "*Ms. Watson, Our discovery demands were served as soon as we placed them in the mail to you. It is not our fault if you did not receive a delivery by U.S. mail to your address. You have our discovery demands and you need to send us your responses by the deadline.*

*I will consider your request to consent to email service of discovery materials.*

*-Mike Michael Hickey*"

Defendants' suggestion that Plaintiff is attempting to "harass the Court" is unfounded. Plaintiff has acted in good faith to preserve her rights and Seeks rulings on long-pending motions is diligence, not harassment.

CONCLUSION

Plaintiff further notes that in Watson v. New York State United Teachers Union Local Librarians Association of the Buffalo and Erie County Public Library, Case No. 1:23-cv-00356-JLS-LGF, this Court (Hon. John L. Sinatra, Jr.) granted her motion to proceed in forma pauperis on February 18, 2025, confirming her indigency under substantially identical financial

circumstances, and respectfully requests that the Court take judicial notice of that ruling in considering the present motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Motion for Protective Order and direct that her deposition proceed by written questions under Rule 31;

2. Take judicial notice of Plaintiff's IFP status granted in a related case;

3. Rule on Plaintiff's pending IFP motion without further delay; and

4. Deny Defendants' request for sanctions or other relief.

Respectfully Submitted this 14th day of October 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road, Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Case: 1:24-cv-00139 -JLS-LGF

TRACEY WATSON,

Plaintiff,

vs.

SUPPLEMENTAL AFFIDAVIT OF TRACEY WATSON IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

Defendants.

SUPPLEMENTAL AFFIDAVIT OF TRACEY WATSON IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION

State of North Carolina

County of Wake

I, Tracey Watson, being duly sworn, depose and state as follows:

1. I am the Plaintiff in this action, proceeding pro se. I make this Supplemental Affidavit in further support of my Emergency Motion for Protective Order (Dkt. No. 79) and in reply to Defendants' Opposition.

2. I reaffirm that I remain indigent, as previously documented by my receipt of Supplemental Nutrition Assistance Program (SNAP) benefits. My financial circumstances have not improved since my original affidavit.

4. I further state that I have not received Defendants' discovery requests by U.S. Mail. Defendants never obtained my written consent to electronic service under Rule 5(b)(2)(E). Accordingly, no valid service of discovery requests has occurred, and my response time has not commenced.

I further state that Mr. Hickey and I emailed the following correspondence today: Plaintiff emailed Mr. Hickey on October 14, 2025 at 7:07 AM in response to his once again

mischaracterizing an email I sent to him on June 22, 2025. The plaintiff stated, "*Mr. Hickey, Plaintiff notes that on June 22, 2025 at 10:07 AM, she sent an email to defense counsel respectfully requesting their consent to accept service from her via both email and the Court's electronic filing system, pursuant to Rule 5 of the Federal Rules of Civil Procedure. Defendants' counsel has since cited that email in correspondence, yet they never responded to it or provided the requested consent. Accordingly, there is no mutual consent under Rule 5(b)(2)(E) for electronic service of discovery requests or responses, and Plaintiff continues to require proper service by U.S. Mail or another authorized method.*

*Thus, I want to clarify the record regarding service of discovery. While you consented to receive my initial disclosures by email, you did not respond to my request for consent to accept service from me via email in this case, nor have you consented to be served with discovery materials by email. Accordingly, under FRCP 5(b)(2)(E), there is no mutual consent for electronic service of interrogatories or requests for production.*

*I have never received Defendants' First Set of Interrogatories or Requests for Production by U.S. Mail or other authorized method of service. Email transmission alone was not valid service. A certificate or affidavit of service does not establish actual delivery where the documents were never received.*

*I remain committed to complying with discovery obligations upon proper service. Please re-serve the discovery requests by U.S. Mail or another authorized method so that I may respond within the time permitted by the Rules, subject to my objections.*

*In the interest of efficiency and to reduce the costs and delays associated with mail service, I am again requesting your consent under FRCP 5(b)(2)(E) for both parties to accept service of all filings in this action, including all discovery requests and responses, via email and the courts electronic filing system. If you consent to mutual email service under FRCP 5(b)(2)(E), via email and the courts electronic filing system my time to respond to Defendants' discovery requests will begin only upon your re-service of those requests after such consent is confirmed by email so I can file our mutual consent with the court.*

*As you know, I am proceeding pro se and in forma pauperis, and I am located outside of New York. Mutual consent to email service would streamline the process for both sides. If you agree, please confirm in writing so that we may proceed accordingly.*

*If you do not consent, I respectfully request that all discovery requests be served by U.S. Mail or another authorized method under Rule 5(b). Sincerely, Tracey Watson Pro Se Plaintiff*"

Mr. Hickey responded on October 14, 2025 at 7:15 AM stating, "*Ms. Watson, Our discovery demands were served as soon as we placed them in the mail to you. It is not our fault if you did not receive a delivery by U.S. mail to your address. You have our discovery demands and you need to send us your responses by the deadline.*

*I will consider your request to consent to email service of discovery materials.*

*-Mike  Michael Hickey*"

5. As stated in the plaintiff Reply above, I respectfully request that the Court take judicial notice that in a related case before another judge of this District, I was granted in forma pauperis status on substantially identical financial circumstances.

6. I continue to stand ready to participate in discovery, including deposition by written questions under Rule 31, which is the only feasible and equitable method given my indigency and out-of-state residence.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of October, 2025.

Respectfully Submitted this 14th day of October 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Road
Suite 149-105
Raleigh, North Carolina 27614
twnywdc@gmail.com
919-627-0879

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served upon the following counsel of record a copy of the foregoing PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER NOTICE OF STATUS AND JUDICIAL NOTICE WITH SUPPLEMENTAL AFFIDAVIT AND SUPPLEMENTAL AFFIDAVIT OF TRACEY WATSON IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION by email, by the courts electronic filing system and by depositing it in the Unted States Mail in an envelope with sufficient postage attached to ensure delivery and properly addressed as follows:

Michael E. Hickey
Alison Roach
Kelly Edwards
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: mhickey@bsk.com
E-mail: aroach@bsk.com
Email: ekelly@bsk.com

Respectfully submitted this 14th day of October 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879