UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACEY WATSON,

                    Plaintiff,

                                                    PLAINTIFF'S OBJECTIONS TO
                                                    MAGISTRATE JUDGE'S REPORT
                                                    & RECOMMENDATION (RULE
                                                    72(b)) AND APPEALS OF NON-
                                                    DISPOSITIVE ORDERS (RULE
                                                    72(a))

        vs.                                         Case: 1:24-cv-00139 -JLS-LGF

BUFFALO & ERIE COUNTY PUBLIC LIBRARY,
BOARD OF TRUSTEES OF THE BUFFALO
AND ERIE COUNTY PUBLIC LIBRARY,

                    Defendants.

_____

NOW COMES Plaintiff Tracey Watson, appearing pro se, respectfully submits the following

objections and appeals pursuant to Fed. R. Civ. P. 72(b)(2) and 72(a).

SECTION I: OBJECTIONS TO REPORT & RECOMMENDATION (Rule 72(b))

The Magistrate Judge erred in recommending denial of leave to add Supervisor Kristi Dougherty

and Union President Andrew Maines as defendants. Both individuals were directly involved in

discriminatory and retaliatory acts, including orchestrating the February 17, 2022 counseling

meeting, perpetuating racial stereotypes, failing to provide union representation, and facilitating

Plaintiff's termination without due process. Plaintiff's proposed Amended and Supplemented

Complaint alleges plausible claims against Dougherty and Maines under Title VII (42 U.S.C. §

2000e et seq.), 42 U.S.C. § 1981, and 42 U.S.C. § 1983, as well as the Fourteenth Amendment's

Equal Protection and Due Process Clauses. At the pleading stage, Rule 15(a)(2) requires that leave to amend be "freely given when justice so requires," and futility must be assessed under the Rule 12(b)(6) standard. Because Plaintiff's allegations state valid claims for relief, the denial was contrary to law and should be rejected.

1. Rule 15(a)(2) Misapplied by the Magistrate judge. The futility finding improperly weighed evidence rather than applying the liberal pleading standard. Foman v. Davis, 371 U.S. 178, 182 (1962).

2. Dougherty perpetuated racial stereotypes and orchestrated the counseling meeting; Maines failed to provide union representation and acquiesced in Plaintiff's termination. Both acted under color of state law.

3. Plaintiff's §1981 and §1983 Claims are Plausible. Plaintiff's employment relationship is protected under §1981; Dougherty and Maines interfered with contractual rights. Under §1983, both deprived Plaintiff of equal protection and due process.

4. Dougherty and Maines were identified in Plaintiff's EEOC Charge and referenced in original pleadings. Defendant's counsel listed Dougherty in Rule 26(a) disclosures. Under Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010), relation back under Rule 15(c) is proper.

5. Plaintiff filed a Motion to Modify Scheduling Order (Dkt. 63) under Rules 16(b)(4), 6(b)(1)(B), and 60(b)(6), demonstrating diligence.

6. Discovery remains ongoing, mediation was scheduled, and Defendants had notice of Dougherty's and Maines's roles.

7. Objection: The denial of leave to add Dougherty and Maines was contrary to Rule 15(a)(2), misapplied futility, and ignored Plaintiff's diligence. Plaintiff requests Judge Sinatra reject the recommendation and grant leave to add Dougherty and Maines in both their individual and official capacities.

8. Plaintiff objects to the Magistrate Judge's recommendation denying Plaintiff's Motion to Proceed In Forma Pauperis (Dkts. 69, 70) 28 U.S.C. § 1915(a)(1) authorizes courts to permit indigent litigants to proceed without prepayment of fees upon submission of an documentation showing inability to pay. Plaintiff is unemployed, has no disposable income, and is burdened by ongoing litigation expenses. Plaintiff resides in North Carolina, far from the forum, and must bear additional costs for travel and service. Denial of IFP status unjustly restricts access to the courts. The Supreme Court has emphasized that "indigent litigants must be afforded meaningful access to the courts." Bounds v. Smith, 430 U.S. 817 (1977). Plaintiff's financial and government documentation demonstrates inability to pay filing and service fees. The Magistrate Judge's denial ignored the statutory purpose of §1915 and Plaintiff's documented hardship.

9. Objection: Plaintiff respectfully requests Judge Sinatra reject the recommendation and grant Plaintiff's Motion to Proceed In Forma Pauperis, ensuring meaningful access to the courts.

SECTION II: APPEALS OF NON-DISPOSITIVE ORDERS (Rule 72(a))

10. Plaintiff appeals the Magistrate Judge's rulings denying Plaintiff's Motion to Compel Initial Disclosures (Dkt. 72) and dismissing as moot Plaintiff's Motion to Reopen Rule 26(a) Initial Disclosures and serve initial disclosures with a damages computation (Dkt. 75).

11. Rule 26(a)(1) Mandatory Disclosure Ignored Rule 26(a)(1)(A)(iv) requires disclosure of insurance agreements. Plaintiff requested these disclosures; Defendants failed to comply. The denial excused this violation.

12. Plaintiff respectfully appeals the Magistrate Judge's dismissal of Plaintiff's Rule 34 discovery motion as "moot." Plaintiff properly moved the Court to modify the Scheduling Order (Dkt. 63) so that she could serve Rule 34 requests for production. These categories are mandatory and directly relevant under Fed. R. Civ. P. 26(a)(1)(A)(iv) and Rule 34(a)(1). Defendants have not produced the requested documents, and their obligations remain outstanding. Dismissing the motion as "moot" was clearly erroneous because the discovery dispute was live and unresolved, and the ruling excused Defendants from compliance with their ongoing duties. Plaintiff requests Judge Sinatra reverse the dismissal and confirm Plaintiff's right to serve signed Rule 34 discovery requests consistent with the Federal Rules of Civil Procedure.

13. The Magistrate rulings are clearly erroneous The rulings disregarded mandatory discovery obligations. See Societe Internationale v. Rogers, 357 U.S. 197 (1958); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976).

14. Appeal: Plaintiff requests Judge Sinatra reverse the Magistrate Judge's denial and dismissal of Plaintiff's Rule 26 and Rule 34 motions, motion to modify scheduling order, order Defendants to produce all mandatory disclosures and responsive documents, and grant Plaintiff leave to serve signed discovery requests consistent with the Federal Rules of Civil Procedure Rule 26 and Rule 34.

15. Plaintiff respectfully appeals the Magistrate Judge's denial of Plaintiff's Emergency Motion for Protective Order under Fed. R. Civ. P. 26(c) (Dkt. 79).

16. Plaintiff resides in North Carolina and is litigating this matter in the Western District of New York without resources to travel. Plaintiff requested that discovery be conducted through written depositions to avoid harassment, intimidation, and undue burden. Rule 26(c) authorizes protective orders to shield parties from "annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff documented intimidation and unequal treatment during discovery, yet the Magistrate Judge denied relief. The denial ignored Plaintiff's evidence and left her vulnerable to further prejudice, particularly given her geographic distance and pro se status.

The ruling was clearly erroneous and contrary to the protective purpose of Rule 26(c). Courts routinely recognize the need for protective orders where discovery imposes undue burden on indigent or geographically distant parties.

17. Appeal: Plaintiff requests Judge Sinatra reverse the denial and enter a protective order permitting written depositions to safeguard Plaintiff from harassment and undue burden.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Judge Sinatra:

1. Reject the Magistrate Judge's recommendation denying leave to add Dougherty and Maines;

2. Grant Plaintiff leave to file her Amended and Supplemented Complaint naming Dougherty and Maines;

3. Reverse the Magistrate Judge's denial/dismissal of Plaintiff's Motion to Modify Scheduling Order, Rule 26 and Rule 34 motions;

4. Order Defendants to produce mandatory disclosures and permit Plaintiff to serve signed discovery requests and damage computation;

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 17th day of December 2025,

/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served upon the following counsel of record a copy of the foregoing PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION (RULE 72(b)) AND APPEALS OF NON-DISPOSITIVE ORDERS (RULE 72(a)) by email, by the courts electronic filing system and by depositing it in the Unted States Mail in an envelope with sufficient postage attached to ensure delivery and properly addressed as follows:

Michael E. Hickey
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: mhickey@bsk.com

Alison Roach, Esq.
BOND, SCHOENECK & KING, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 416-7000
Fax: 716-416-7001
E-mail:  aroach@bsk.com

Kelly Edwards
Bond, Schoeneck & King, PLLC
Avant Building
200 Delaware Avenue, Suite 900
Buffalo, NY 14202
Telephone: 716-416-7000
Fax: 716-416-7001
Email: ekelly@bsk.com


Respectfully submitted this 17th day of December 2025,


/s/ Tracey Watson
Plaintiff Pro Se
14460 Falls of Neuse Rd.
Suite 149-105
Raleigh, NC 27614
twnywdc@gmail.com
(919) 627-0879