UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRACEY WATSON,

                    **Plaintiff,**

       - vs -                                              **Civil Action No. 24-cv-139**

BUFFALO & ERIE COUNTY PUBLIC LIBRARY and
BOARD OF TRUSTEES OF THE BUFFALO AND ERIE
COUNTY PUBLIC LIBRARY,

                    **Defendants.**

---

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S DECISION</u>

BOND, SCHOENECK & KING, PLLC
Michael E. Hickey, Esq.
Edward W. Kelly, Esq.
Alison K. Roach, Esq.
200 Delaware Avenue, Suite 900
Buffalo, NY 14202-2107
Telephone:  (716) 416-7000
*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION…………………………………………………………………….1

ARGUMENT………………………………………………………………………….1

    I.      The Magistrate Properly Recommended Denial of Plaintiff's Motion for
          Leave to Amend the Complaint, as it Pertains to Maines and Dougherty………...1

          A.  Standard of Review……………………………………………………………1

          B.  The Magistrate's Recommendation, Related to the Addition of
              Dougherty and Maines, Must Be Reviewed Pursuant to the Clearly
              Erroneous Standard…………………………………………………………3

          C.  The Magistrate's Decision was not Clearly Erroneous………………………..4

          D.  Plaintiff's Proposed Claims Against Dougherty and Maines are Futile………6

    II.     The Magistrate Properly Denied Plaintiff's Discovery Motions………………….9

    III.    The Magistrate's Decision to Deny Plaintiff's Request for a Protective
          Order was Not Clearly Erroneous…………………………………………….11

CONCLUSION……………………………………………………………………12

**INTRODUCTION**

Defendants Buffalo and Erie County Public Library and the Board of Trustees of the

Buffalo and Erie County Public Library ("Defendants") submit this response to Tracey Watson's

("Plaintiff") objections (Dkt. 90) ("Plaintiff's Objections") to Magistrate Foschio's November

19, 2025 Report and Recommendation and Decision and Order (Dkt. 85) ("Decision"). In the

Decision, Magistrate Foschio recommended the denial of Plaintiff's Motions to Amend Her

Complaint, in part, and Magistrate Foschio also granted, in part, other aspects of her Motions to

Amend, and denied Plaintiff's discovery/scheduling order-related motions, Plaintiff's motion for

a protective order, and her motion to proceed *in forma pauperis*.

Plaintiff has objected to the Decision's: (1) recommended denial of leave to amend to the

extent Plaintiff sought to assert claims against Andrew Maines and Kristi Dougherty; (2) denial

of her discovery motions; (3) denial of her request for a protective order; and (4) the denial of her

request to proceed *in forma pauperis*. For the reasons set forth below, the District Judge should

uphold the Magistrate Judge's Decision in its entirety.[1]

**ARGUMENT**

**I.    The Magistrate Properly Recommended Denial of Plaintiff's Motion for Leave to Amend the Complaint, as it Pertains to Maines and Dougherty.**

**A.  Standard of Review**

Dispositive matters are reviewed *de novo* by the district judge; non-dispositive matters are

subject to the lesser clearly erroneous or contrary to law standard. *S. Buffalo Dev., LLC v PVS*

*Chem. Solutions, Inc.*, 675 F Supp 3d 320, 324 (W.D.N.Y. 2023); See 28 U.S.C. § 636 (b)(1); Fed.

R. Civ. P. 72 (a) (clearly-erroneous-or-contrary-to-law standard); Fed. R. Civ. P. 72 (b)(3) (*de*

---

[1] Defendants take no position on Plaintiff's motion to proceed *in forma pauperis*.

*novo* review). When evaluating an objection under the clearly erroneous or contrary to law standard, "a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Johnson v Town of Greece*, 2025 US Dist LEXIS 265282, at *5-6 (W.D.N.Y. 2025); *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, 2009 U.S. Dist. LEXIS 22641 (S.D.N.Y. 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . .") (quotations, citation, and alterations omitted)), aff'd, 460 F. App'x 66 (2d Cir. 2012).

As this Court has observed, "authority in this Circuit supports a conclusion that review of a motion to amend—even the denial of such a motion—is nondispositive in nature, and thus a magistrate judge's decision is reviewed under a clearly erroneous or contrary to law standard, particularly where (as here) the denial is based on procedural considerations as opposed to a futility analysis." *Thomas v Conagra Foods, Inc.*, 2022 US Dist LEXIS 154226, at *5 (W.D.N.Y. 2022) (collecting cases); *Steuben Foods, Inc. v GEA Process Eng'g, Inc.*, 2016 US Dist LEXIS 90318, at *5 (W.D.N.Y., 2016) (holding that where motion to amend a complaint's denial by a magistrate is "based on procedural considerations under Rule 16, and not issues such as futility of the proposed amendments" it is treated as non-dispositive and reviewed under the clearly-erroneous standard); *Moorer v McCann*, 2025 US Dist LEXIS 51896, at *3 (W.D.N.Y. 2025) ("Here, my resolution of the Motions to Amend is based on my application of Federal Rule of Civil Procedure 16, and not on futility, and is accordingly set forth in a Decision and Order"); *Getman v Vondracek*,

2

731 F Supp 3d 524, 528 (W.D.N.Y. 2024) ("Because I decide this motion on Rule 16 grounds, I am issuing a decision and order").

Similarly, "[t]he Court is not required to review de novo those portions of a report and recommendation to which objections were not filed." *Steuben Foods, Inc. v Shibuya Hoppmann Corp.*, 2019 US Dist LEXIS 204490, at *3 (W.D.N.Y., 2019) (*citing Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

### B. The Magistrate's Recommendation, Related to the Addition of Dougherty and Maines, Must Be Reviewed Pursuant to the Clearly Erroneous Standard.

Here, relevant to the Motion to Amend, Plaintiff only objects to the Magistrate's denial of her request for leave to amend the Complaint to include claims against Kristi Dougherty and Andrew Maines. Plaintiff incorrectly argues that "the denial of leave to add Dougherty and Maines was contrary to Rule 15(a)(2), misapplied futility, and ignored Plaintiff's diligence." Dkt. 90, p. 3, ¶ 7. The Magistrate's decision, as it pertains to Doughtery and Maines, did not involve futility at all. Instead, the Magistrate explained that:

> Because the Initial Motion to Amend sought to assert claims against Fachko and Purtell, but not Dougherty and Maines, the court construes Plaintiff's styling of the Supplemental Motion to Amend [filed after the scheduling order expired] as a motion to amend the Initial Motion to Amend as an attempt to avoid the consequences of failing to comply with the Scheduling Order's deadline with regard to Dougherty and Maines. Accordingly, Plaintiff's Supplemental Motion to Amend is subject to Rule 16(b)(4)'s requirement that Plaintiff show good cause for failing to seek the relief against Dougherty and Maines in the earlier and timely filed Initial Motion to Amend. Plaintiff, however, fails to provide in the Supplemental Motion to Amend any explanation for the belated request and, thus, has also failed to establish the requisite good cause for belatedly seeking to add Dougherty and Maines as Defendants. Accordingly, Plaintiff's Supplemental Motion to Amend should be DENIED insofar as Plaintiff seeks to add Dougherty and Purtell as Defendants, and the motion is not further addressed as to those individuals.

Dkt. 85, p. 17.[2]

Based upon the above, it is clear that the Magistrate based the denial of the claims against Dougherty and Maines upon Plaintiff's failure to comply with this Court's Scheduling Order, and Plaintiff's failure to show good cause as required by FRCP 16(b)(4). Therefore, this Court must review Plaintiff's objections to the Magistrate's Decision pursuant to the "clearly erroneous or contrary to law" standard. *Steuben Foods, Inc. v GEA Process Eng'g, Inc.,* 2016 US Dist. LEXIS 90318, at *5; *Thomas v Conagra Foods, Inc.*, 2022 US Dist LEXIS 154226, at *5 (W.D.N.Y. 2022); *Moorer v McCann*, 2025 US Dist LEXIS 51896, at *3 (W.D.N.Y. 2025); *Getman v Vondracek*, 731 F Supp 3d 524, 528 (W.D.N.Y. 2024).

### C. The Magistrate's Decision was not Clearly Erroneous.

"Where, as here, a scheduling order governs amendments to the complaint…the lenient standard under Rule 15(a)…must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Johnson v Barnett Outdoors, LLC*, 2023 US Dist LEXIS 208011, at *4 (W.D.N.Y. 2023) (*citing Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009). In the "good cause" analysis, "the primary consideration is whether the moving party can demonstrate diligence," but the Court may also consider "other relevant factors including…whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). These other factors do not excuse the moving party from

---

[2] It appears that the Magistrate's final sentence, which states that Plaintiff's motion is denied "insofar as Plaintiff seeks to add Dougherty and Purtell as Defendants," was stated in error. Given the discussion preceding this sentence, and the Court's ultimate decision in allowing claims against Purtell to proceed and dismissing those against Maines, it is believed that the Court meant to state that Plaintiff's motion is denied pertinent to "Dougherty and [Maines]."

demonstrating diligence. *Engles v. Jones*, 405 F. Supp. 3d 397, 407 (W.D.N.Y. 2019) (*quoting Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("[T]o show good cause, a movant must demonstrate that it has been diligent[.]") (alterations added).

The Plaintiff bears the burden of showing that good cause (and, relatedly, diligence) exists. *Villa v. Sw. Credit Sys., L.P.*, 2020 U.S. Dist. LEXIS 102569, 2020 WL 3808911, at *3 (W.D.N.Y. 2020), adopted, 2020 U.S. Dist. LEXIS 119106, 2020 WL 3802936 (W.D.N.Y. 2020); *see also Ritchie Risk-Linked Strategies Trading (Ireland) Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). A Plaintiff "cannot meet this burden if the proposed amendment rests on information he knew, or should have known, in advance of the deadline for motions to amend." *Johnson*, 2023 US Dist LEXIS 208011, at *5-6 (W.D.N.Y. 2023) (internal citations omitted) (*citing Thomas v. ConAgra Foods, Inc.*, 2022 U.S. Dist. LEXIS 73495, 2022 WL 3227644, at *3 (W.D.N.Y. 2022), adopted, 2022 U.S. Dist. LEXIS 154226, 2022 WL 3699408 (W.D.N.Y. 2022).

Here, the Magistrate was correct in denying Plaintiff's motion to amend, to the extent Plaintiff sought to assert claims against Kristi Dougherty and Andrew Maines. Plaintiff filed her initial Complaint on February 12, 2024. Dkt. 1. On January 15, 2025, this Court issued a scheduling order, which required that "All motions to join other parties and to amend the pleadings shall be filed on or before February 13, 2025." Dkt. 31, ¶ 5.

On February 13, 2025, the last day to amend the pleadings, Plaintiff filed her initial motion to Amend the Complaint, which only sought to add Jeanine Purtell and Judy Fachko as parties. Dkt. 38. On July 8, 2025, Plaintiff filed a Motion to "Amend/correct" her February 13, 2025 Motion to Amend the pleadings. Dkt. 64. In this July 8, 2025 motion, nearly five months after the expiration of the Court's deadline to add additional parties, Plaintiff now sought to add as parties Kristi Dougherty and Andrew Maines. Dkt. 64 ¶ 1 (Plaintiff seeks leave to "[a]mend the complaint

5

to name and add two additional individual defendants: Supervisor Kristi Dougherty, and Union President Andrew Maines"). The Magistrate was correct when he observed that this July 8, 2025 motion was clearly "an attempt to avoid the consequences of failing to comply with the Scheduling Order's deadline with regard to Dougherty and Maines." Dkt. 85, p. 17. The Magistrate was also correct in observing that Plaintiff failed to show any good cause for failing to add Dougherty and Maines prior to the scheduling order deadline.

In fact, in Plaintiff's objections to the Magistrate's Decision, she all-but-admits that she lacked good cause, and thus lacked diligence, when she failed to timely join Maines and Dougherty. Plaintiff acknowledges that she identified both Dougherty and Maines in her EEOC Charge (Dkt. 90, ¶ 4), Defendants listed Dougherty and Maines in its initial disclosures (*Id.*), and Dougherty and Maines were present for many of the alleged § 1981 and § 1983 violations (*Id.,* ¶ 2-3). Plaintiff, thus, was undoubtedly aware of the alleged involvement of Doughtery and Maines well before she filed this lawsuit on February 12, 2024. She has proffered no excuse, nor can she, for failing to move to amend her complaint to join Doughtery and Maines as parties by the February 13, 2025 deadline. Dkt. 31, ¶ 5. Therefore, the Magistrate was correct in holding that Plaintiff lacked good cause, and under the clearly erroneous standard, the Magistrate's Decision should be adopted.

### D. Plaintiff's Proposed Claims Against Dougherty and Maines are Futile.

Additionally, even if this Court were to review the Magistrate's denial of Plaintiff's motion to amend *de novo*, and not premise its decision on Plaintiff's blatant disregard for this Court's Scheduling Order, Plaintiff's § 1983 allegations against both Dougherty and Maines are outside of the statute of limitations, and do not relate back to the original filing of her complaint, and her

6

Title VII Claims against Dougherty and Maines are equally untenable. Thus, these claims are futile and the Magistrate's recommendation to deny these claims should be adopted.

In New York District Courts, § 1983 claims have a three-year statute of limitations. *Smith v Doe*, 2025 US Dist. LEXIS 130449, at *5 (W.D.N.Y. 2025). Here, Plaintiff was terminated on March 17, 2022. Dkt. 25, ¶¶ 37-39. The latest Plaintiff could file § 1983 claims related to her termination was March 17, 2025. Plaintiff sought to amend her complaint to add Doughtery and Maines on July 8, 2025, 4 months after the statute of limitations had expired. In order for Plaintiff's claims to be timely, Plaintiff's § 1983 claims against Dougherty and Maines would have to relate back to the initial filing of the Complaint on February 12, 2024. The relation back doctrine does not, however, apply in this situation.

Pursuant to Rule 15(c)(1)(C), an amended complaint adding a new party will be deemed to relate back to the date of the original pleading provided:

(1) the claim must have arisen out of conduct set out in the original pleading;

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and…

(4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and…the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (*quoting Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-69 (2d Cir. 1995)). As the Second Circuit explained in *Hogan,* "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties…the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Hogan*, 738 F.3d at 517-18; *See*

7

*also Briggs v County of Monroe,* 2016 US Dist LEXIS 45281, at \*17 (W.D.N.Y. 2016) (collecting cases and holding that "Rule 15(c)(1)(C) would foreclose the addition of the proposed defendants because plaintiffs do not seek to replace wrongly-named defendants, but rather seek to add additional defendants whom plaintiffs could have included in the original complaint") adopted, 215 F Supp 3d 213, 216 (W.D.N.Y. 2016).

Here, as discussed above, Plaintiff highlights in her objections to the Magistrate's Decision that she undoubtedly knew of the alleged involvement of Dougherty and Maines prior to filing her Complaint. Dkt. 90, ¶¶ 2-4. There exists no reason why Plaintiff could not have included these individuals in her initial Complaint or her first motion to amend the Complaint.  Plaintiff's failure to include both Maines and Dougherty was in no way a "mistake of identity," as Rule 15 contemplates. As such, Plaintiff's § 1983 claims against Doughtery and Maines would be barred by the statute of limitations and would thus be futile.

Plaintiff's proposed Title VII claims against Dougherty and Maines are similarly futile. A plaintiff may only bring a Title VII claim against parties who were named in an EEOC complaint. *Tarr v. Credit Suisse Asset Mgmt., Inc.*, 958 F. Supp. 785, 793 (E.D.N.Y. 1997); *Belyea v. City of Glen Cove*, 2022 WL 3586559, at \*9 (E.D.N.Y. 2022) (*citing Edo v. Antika Pizzeria Astoria, Inc.*, 852 F. App'x 618, 619 (2d Cir. 2021) (summary order) (stating that the complaint must name the defendant). Because Plaintiff failed to file an EEOC Charge against Maines and Dougherty, Plaintiff's request for leave to assert Title VII claims against them must be denied for failure to exhaust her administrative remedies.

Likewise, notwithstanding Plaintiff's failure to exhaust her administrative remedies, any purported Title VII claims against Maines and Dougherty must also be denied because it is well established there is no individual liability under Title VII. *Davis Bell v. Columbia Univ.*, 851 F.

Supp. 2d 650, 687 (S.D.N.Y. 2012) (*citing Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012)); *see, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII." (*citing Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)); *Tomka v. Seller Corp.*, 66 F.3d 1295, 1313 (2d. Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), abrogated on other grounds by *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998); *Mehrhoff v. William Floyd Union Free Sch. Dist.*, 2005 WL 2077292 (E.D.N.Y. 2005) (dismissing Title VII claims against individual defendants and stating that individual defendants may not be held personally liable for alleged violations of Title VII). Therefore, to the extent that Plaintiff sought to hold Maines and Dougherty personally liable for alleged violations of Title VII, such claims are futile and must be denied.

## II.    The Magistrate Properly Denied Plaintiff's Discovery Motions.

Related to a Magistrate's decisions concerning discovery disputes, "[r]eversal is warranted only if the Magistrate Judge's decision is clearly erroneous or contrary to law. The party seeking to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because the Magistrate Judge is afforded broad discretion in these matters." *Am. Rock Salt Co. v Norfolk S. Corp.*, 371 F Supp. 2d 358, 360 (W.D.N.Y. 2005). Here, there is no basis to reverse Magistrate Foschio's Decision.

Plaintiff objects to the Magistrate's denial of her Motion to Compel Initial Disclosures (Dkt. 72), her Motion to Reopen Initial Disclosures so that a damage computation can be included in her own disclosures (Dkt. 75), and her motion to "confirm Plaintiff's right to serve signed Rule 34 discovery requests" (Dkt. 90, ¶ 4, referencing Dkt. 63).

9

The Magistrate correctly dismissed Plaintiff's Motion to Compel Initial Disclosures (Dkt. 72) and her Motion to Reopen Initial Disclosures (Dkt. 75) as duplicative because they "essentially seek[] the same relief as her Motion to Compel (Dkt. 62)." Dkt. 85, p. 73. The Magistrate also correctly dismissed Plaintiff's Motion to Compel (Dkt. 62) as moot. As the Magistrate directed, "once Plaintiff files her further amended complaint in accordance with this combined Report and Recommendation and Decision and Order… a further scheduling order should issue." Dkt. 85, p. 73. Plaintiff's request for new discovery deadlines was granted, and new discovery deadlines will be put in place. Dkt. 85, p. 73. Thus, the discovery deadlines that have been in place will no longer be applicable to the present dispute. Plaintiff will then have the opportunity serve discovery requests for the information she seeks with her Motion to Compel (i.e., the documents referenced in Defendants' initial disclosures).

That said, as Defendants have explained to Plaintiff in prior communications between the parties, if Plaintiff wishes for the Defendants to produce documents, she needs to serve proper Rule 34 discovery requests on Defendants. To date, she has failed to do so, and she admits to the same. *See* Dkt. 85, pp. 73 ("Plaintiff does not dispute that her Rule 34 discovery requests were procedurally deficient"); Dkt, 63-1, ¶ 47 ("… I need to properly submit a Rule 34 request with a signature, as my online request does not include necessary sections such as definitions, instructions, and witness details…"); *See* FRCP 26(g)(2) (Explaining that a party has "no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention").

Finally, to the extent that Plaintiff still asserts that Defendants have failed to provide proper initial disclosures (Dkts. 62, 72), it is worth reiterating that Defendants have provided her with an applicable insurance agreement on at least two occasions. Moreover, as the Magistrate observed, "Defendant[s] were not required to provide Plaintiff with copies of all documents responsive to such requests, but only to describe such documents, as well as their locations, and Defendants did provide a copy of the relevant insurance policy." Dkt. 85 pp. 72-73.

In short, the Magistrate's Decision was not clearly erroneous, and Plaintiff's discovery motions were properly dismissed.

### III.    The Magistrate's Decision to Deny Plaintiff's Request for a Protective Order was Not Clearly Erroneous.

Plaintiff objects to the Magistrate's denial of her motion for a protective order. Plaintiff observes that she "requested that discovery be conducted through written depositions to avoid harassment, intimidation, and undue burden" and alleges that Defense counsel engaged in "documented intimidation and unequal treatment during discovery." Dkt. 90, ¶ 16. It is unclear what "documented" evidence Plaintiff is referring to, and it appears that Plaintiff mistakes advocacy for hostility. Lawsuits, by their very nature, are adversarial processes. In no way has defense counsel intimidated Plaintiff or subjected her to unequal treatment.

With respect to the protective order, the law strongly supports the Magistrate's decision to deny Plaintiff's motion. "It is well-settled that because a plaintiff chooses the forum in which to exercise her rights, such plaintiff is ordinarily required to make herself available for deposition in the jurisdiction in which the action was brought." *Price v Priority Transp.*, 2008 US Dist LEXIS 77326, at *2 (WDNY 2008) (collecting cases).

District Courts have frequently held that, "depositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up

questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to specific question." *Sadowski v Tech. Career Insts.*, 1994 US Dist LEXIS 7121, at \*1-2 (S.D.N.Y. 1994) (citing *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549-50 (S.D.N.Y. 1989) (collecting cases)); *see also Bromfield v. Bronx Leb. Special Care Ctr., Inc.*, 2021 U.S. Dist. LEXIS 237822, at \*13 (S.D.N.Y. Dec. 9, 2021) (denying pro se plaintiff's request for her deposition to be conducted on written questions).

The Magistrate correctly observed that "employment discrimination [cases] like the instant case typically involve issues of fact for which credibility determinations are critical. In such circumstances, requiring Defendants to depose Plaintiff by written questions is not a satisfactory resolution to Plaintiff's financial difficulties." Dkt. 85, p. 74. To deny Plaintiff's motion on these grounds was not contrary to the law or clearly erroneous. Therefore, the district court should adopt the Magistrate's Order regarding the denial of Plaintiff's motion for a protective order.

## CONCLUSION

Defendants submit that the District Judge should reject Plaintiff's objections and adopt the Magistrate's Decision in its entirety.

Dated  :       January 2, 2026          **BOND, SCHOENECK & KING, PLLC**
               Buffalo, New York

By:   s/Michael E. Hickey
      Michael E. Hickey, Esq.
      Edward W. Kelly, Esq.
      Alison K. Roach, Esq.
      *Attorneys for Defendants*
      200 Delaware Ave., Suite 900
      Buffalo, New York  14202-2107
      Telephone:  (716) 416-7000
      Email:  mhickey@bsk.com
              ekelly@bsk.com
              aroach@bsk.com

12

22797150